IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

Jeremy Joseph Ross,                    )
     Plaintiff,                     )
                   )
v.                                     )          1:12cv830 (CMH/JFA)
                   )
Officer Terrence Shultz, et al.,       )
     Defendants.                    )

FILED
AUG 2 8 2013
CLERK ... URT
AL...

## MEMORANDUM OPINION

Jeremy Joseph Ross, a Virginia inmate proceeding pro se,[1] has filed a civil rights action,

pursuant to 42 U.S.C. § 1983, alleging that officers used excessive force during his arrest in

violation of the Fourth Amendment. Defendants have filed a joint Motion for Summary

Judgment and accompanying memorandum and informed plaintiff that he had twenty-one (21)

days to respond pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975). Plaintiff has

responded; accordingly, this matter is now ripe for disposition. For the following reasons, the

joint Motion for Summary Judgment will be granted.

## I. Background

The following facts are undisputed:

On May 4, 2011, Officer Lindemayer approached plaintiff's vehicle, which was parked in

a parking lot in Virginia Beach, Virginia. Def. Mem. ¶¶ 3, 9. Officer Lindemayer decided to

detain plaintiff and asked plaintiff to exit the vehicle. Id. at ¶ 41, 42. After plaintiff refused to

follow Officer Lindemayer's commands and began to run away from Officer Lindemayer,

Officer Lindemayer fired one Taser shot and hit plaintiff in the back. Compl. 5; Def. Mem. ¶ 51,

52. Plaintiff fell to the ground. Officer Schultz, who was dispatched to assist Officer

---

[1] It is unclear whether plaintiff is currently a pretrial detainee or a convicted prisoner. However,
plaintiff's current status does not affect the analysis of the claim asserted, which is that officers
used excessive force during his arrest in violation of the Fourth Amendment.

Lindemayer, ran up to plaintiff to handcuff him.  Officer Schultz placed plaintiff in a T-3

position, in which he placed his right knee on plaintiff's back across plaintiff's shoulder blades.

Id. 54, 55.

Plaintiff does not challenge Officer Lindemayer's use of the Taser but rather the amount

of force Office Schultz used to handcuff plaintiff.  Indeed, plaintiff concedes in his response to

defendants' Motion to Dismiss/Motion for Summary Judgment that "[t]azing [sic] me was

appropriate . . . ." Rep. 7, ECF No. 19.  Because plaintiff appears no longer to challenge Officer

Lindemayer's use of the Taser, plaintiff's allegations of excessive force against only Officer

Schultz will be discussed below.

Defendants attached as an exhibit to their Motion for Summary Judgment a video

recording of the events as captured by the Taser that Officer Lindemayer used.  Because

sufficient evidence existed in the pleadings and affidavits for the Court to rule on the Motion for

Summary Judgment, the Court did not view the video exhibit and did not consider it for this

Memorandum Opinion.

## II. Standard of Review

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to

interrogatories, and admissions on file, together with the affidavits, if any, show that there is no

genuine issue as to any material fact and that the moving party is entitled to judgment as a matter

of law." Fed. R. Civ. P. 56(c).  The moving party bears the burden of proving that judgment on

the pleadings is appropriate.  See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (moving

party bears the burden of persuasion on all relevant issues).  To meet that burden, the moving

party must demonstrate that no genuine issues of material fact are present for resolution.  Id. at

322.  Once a moving party has met its burden to show that it is entitled to judgment as a matter

of law, the burden then shifts to the non-moving party to point out the specific facts which create

disputed factual issues. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986); <u>Matsushita Electrical Industrial Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 587 (1986).

In evaluating a motion for summary judgment, a district court should consider the evidence in the light most favorable to the non-moving party and draw all reasonable inferences from those facts in favor of that party. <u>United States v. Diebold, Inc.</u>, 369 U.S. 654, 655 (1962). Those facts which the moving party bears the burden of proving are facts which are material. "[T]he substantive law will identify which facts are material. Only disputes over facts which might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." <u>Anderson</u>, 477 U.S. at 248. An issue of material fact is genuine when, "the evidence . . . create[s] [a] fair doubt; wholly speculative assertions will not suffice." <u>Ross v. Communications Satellite Corp.</u>, 759 F.2d 355, 364 (4th Cir. 1985). Thus, summary judgment is appropriate only where no material facts are genuinely disputed and the evidence as a whole could not lead a rational fact finder to rule for the non-moving party. <u>Matsushita</u>, 475 U.S. at 587.

### III. Analysis

Summary judgment in favor of Officer Schultz is appropriate because the pleadings, affidavits, and exhibits on file demonstrate that the amount of force he used in restraining plaintiff was reasonable given the circumstances. In <u>Graham v. Connor</u>, 490 U.S. 386, 394 (1989), the Supreme Court instructed that "[i]n addressing an excessive force claim brought under [42 U.S.C.] § 1983, analysis begins by identifying the specific constitutional right allegedly infringed by the challenged application of force." Essential to this determination is plaintiff's status —whether he was an arrestee or a pre-trial detainee—at the time of the use of force. <u>Id.</u> The Fourth Amendment governs claims of excessive force during the course of an arrest, investigatory stop, or other "seizure" of a person. <u>Id.</u> at 388. A pre-trial detainee,

however, is entitled to the protections of the Due Process Clause of the Fourteenth Amendment.

United States v. Cobb, 905 F.2d 784, 788 (4th Cir. 1990). In Riley v. Dorton, 115 F.3d 1159,

1161 (4th Cir. 1997), the United States Court of Appeals for the Fourth Circuit instructed that a

person is an "arrestee" when an officer decides to detain him and that the Fourth Amendment

applies only to the single act of the arrest.

Under the uncontested facts in this record, plaintiff was an "arrestee" at the time of the

events giving rise to his complaint. Accordingly, his claim of excessive force properly is

analyzed under the Fourth Amendment's standard of reasonableness. See Vathekan v. Prince

George's County, 154 F.3d 173, 178 (4th Cir. 1998). This standard takes into account the

severity of the alleged crime for which the person is being detained, whether the suspect poses a

threat to the safety of the police officers or others, and whether the suspect was attempting to

evade arrest by flight or actively resisting arrest. Graham, 490 U.S. at 396; see Foote v.

Dunagan, 33 F.3d 445 (4th Cir. 1994). The reasonableness of the use of force "must be judged

from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of

hindsight." Graham, 490 at 396, citing Terry v. Ohio, 392 U.S. 1, 20 - 22 (1968). To assess the

objective reasonableness of the force used, a court must look at the salient events "in full context,

with an eye toward the proportionality of the force in light of all the circumstances." Thomas v.

Harmon, 2005 WL 5714146 at * 3–4 (E.D. Va. Dec. 5, 2005) (Brinkema, J.), aff'd, 192 Fed.

App'x. 209 (4th Cir. 2006).

Plaintiff alleges that Officer Schultz used an unreasonable amount of force to handcuff

him. Plaintiff alleges that he could not follow Officer Schultz's instruction to open his hands

because his hands were "locked shut from the electricity which was still pulsing through my

body from the taser." Compl. 5. He alleges that "Officer Schultz then manually opened by

hands, pulled my hands down behind my back and cuffed me. At that point [he] jumped on me

with all his weight coming down on me with his knees breaking my collarbone and cracking several of my ribs. He did this purposely out of spite while I lay there facedown and handcuffed." Id.

In a sworn affidavit attached to the Motion for Summary Judgment, Officer Schultz states that he "initially had trouble getting Ross to give up his arms and I couldn't get his hands behind his back[,] which is why I repositioned him into a proper handcuffing technique using the T-3 position." Schultz Aff. ¶ 30. ECF No. 14-3. He further states, "I placed him in the a cuffing position, the T-3 position, that I was taught at the Virginia Beach Police training academy . . . ." Id. at ¶ 31.

Given the totality of the circumstances Officer Schultz faced, his actions were not objectively unreasonable. From Officer Schultz's perspective, he could only handcuff plaintiff by employing the T-3 position, and the reason for plaintiff being unable to move his arms is irrelevant to the reasonableness anaylsis. See, e.g., Saucier v. Katz, 533 U.S. 194, 205 (2001) ("Because 'police officers are often forced to make split-second judgments - in circumstances that are tense, uncertain, and rapidly evolving - about the amount of force that is necessary in a particular situation,' the reasonableness of the officer's belief as to the appropriate level of force should be judged from that on-scene perspective.") (citations omitted) (quoting Graham, 490 U.S. at 395); see also Crumley v. St. Paul, 324 F.3d 1003, 1007 (8th Cir. 2003) (noting that the right to make an arrest or stop necessarily encompasses the right to use some degree of force to effect it). Assuming that plaintiff's inability to move his arms to comply with Officer Schultz's instructions was due to the effects of the taser, the fact remains that the tazing itself concededly was appropriate because plaintiff was attempting to evade arrest by fleeing. The quantum force Office Schultz used to apply handcuffs after witnessing plaintiff's attempted escape cannot be viewed as unreasonable in light of the circumstances. Thomas, 2005 WL 5714146 at *4.

5

In his response to defendants' Motion for Summary Judgment, plaintiff states that he told Officer Schultz several times that he could not move his arms. Resp. 2, ECF No. 20. However, Officer Schultz states that the events "happened very quickly" and that he was "trying to keep my eye on the minivan where the gun was located." Schultz Aff. ¶ 32. The objective facts show that Officer Schultz reasonably believed that plaintiff was not complying with his instructions. Because no violation of plaintiff's rights under the Fourth Amendment occurred, Altman v. City of High Point, N.C., 330 F.3d 194, 205 (4th Cir. 2003), Officer Schultz is entitled to the summary judgment he seeks.

Because defendant has established his entitlement to judgment as a matter of law on plaintiff's claim of excessive force, it is unnecessary for the Court to address his arguments on the question of qualified immunity.

## IV. Conclusion

For the foregoing reasons, defendants' joint Motion for Summary Judgment will be granted. An appropriate order shall issue.

Entered this _28th_ day of _August_ 2013.

_____/s/_____
Claude M. Hilton
United States District Judge

Alexandria, Virginia